Mr. Justice Johnson
delivered the opinion of the Com*,.
■ The first ground of this motion appears to me to be founded in a mistaken view of the character and effect of the evidence, allowed as to that point. It is a good general rule, that the declaration of third persons cannot be given in evidence; and it is universally true, that the declaration of a slave, who, by the policy of our laws, is excluded from giving- evidence, are inadmissible. On this principle, the witness would not be allowed to give in evidence the ipse dixit of the slave, that she understood and spoke the Coro-mantee language. But when he says, she does understand and Speaks that language, it is a fact derived from his own knowledge, and not from her declaration. Language and •colour constitute the most marked distinction between the nations of the earth; and whei-e the colour is the same, language is perhaps the strongest evidence. This negro is described by the plaintiff as being of the Angola nation¿ and although her speaking Coromaniee does not prove that she was not, it is a circumstance, I think, to which the defendant was entitled. It is said, however, that the admission of.this evidence operated so as to enable the defendant to manufacture evidence to suit his own purposes -, but this objection would go with it to the jury, and they would weigh it according to probabilities deduced from the .facilities that existed of disguising such a practice. My own mind is fully satisfied with this view of the subject; but there is another, which I think equally demonstrates that the evidence was admissible, at least in this case. — . The plaintiff had before given evidence that the' negro spoke French, as a circumstance of identity, corresponding in part with his description in the advertisement; and the evidence now offered, furnished a circumstance, so far as it could have any influence, at variance with the description, so far as related to her being of the Angola nation, of precisely the same character, and in direct reply to that given by the plaintiff: and there never was a case in which one party was not at liberty to reply to the evidence offered by the other.
*27 2d. I have examined the subject as to the right of the parties to examine the jury by the poll, in relation to their verdict, with some attention j but I have not been able to satisfy my mind that there is any rule which binds this-Court imperatively to allow it in all cases, at the will of the party; although the Court may, in its discretion, permit it. It is true that every case must be decided by the concurrence of the whole jury, and the party has a right to satisfactory evidence of this, concurrence; but what shall constitute satisfactory evidence of thatfact, must, it appears to me, depend invariably on the usage and practice of the Courts.
Let us then look to our own practice on'this subject.— As far back as we can trace the trial by jury, it has been the practice of the Clerk to call over the jury by name on their coming into court, and enquire if they are agreed on their verdict, and he receives from the hands of the foreman a written verdict, endorsed on the record, which he reads aloud, and the tacit acquiescence of the rest is regarded as sufficient evidence of their concurrence ; and this was the mode practised in this case. It is insisted, however, that a party has a right to the expression'oi the individual opinion of every juror. The answer is, he has it in their tacit assent to the verdict; for it can scarcely be believed that any one would so far forget himseíf and the laws of the country, as not to expose any misrepresenta-, tion of their verdict agreed on. I confess, however, I have less objection to the thing itself than to purposes to which it might, and probably would be prostituted. It might be used as the means of torturing a weak and de-pendant juror into a disavowal of a verdict founded on rea- • son and justice : and it would be mischievous in the extreme to allow it in cases sounding hydamages, where the verdicts must always be the effect of compromise, rather than the exercise of individual judgment.
It is further insisted that it is necessary as a mean to guard against the misconduct of the jury.
But an ample security, I think, is to he found in the ex *28 ercise of the discretion of the Court, in allowing it where there was well-founded suspicions of misconduct. That discretion this Court has always exercised, and no doubt would have done so in this case, had any suspicion been thrown oh the conduct of the jury; but nothing of the sort was pretended.
Hunt, for the motion.
Hayne, attorney-general, contra.
On both grounds, therefore, I am of opinion the motion must be discharged.
Justices Colcock, Nott, Huger and Gantt, concurred.